## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUSAN MOUW, individually and on behalf of all others similarly situated, | Case No. |
| *Plaintiff,* | **CLASS ACTION** |
| v. | **DEMAND FOR JURY TRIAL** |
| NATIONAL AUTO DIVISION, LLC, a New Jersey limited liability company, | |
| *Defendant.* | |

Plaintiff Susan Mouw ("Plaintiff" or "Mouw") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant National Auto Division ("Defendant" or "National Auto") to stop its practice of making unsolicited telemarketing calls to the telephones of consumers nationwide and to obtain redress for all persons injured by its conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorney.

## NATURE OF THE ACTION

1.      Defendant National Auto Division, Inc. provides extended auto warranty contracts for consumers whose factory vehicle warranty has expired.

2.      Unfortunately for consumers, Defendant casts its marketing net too wide in its effort to attract new business. That is, in an attempt to promote its business and to generate leads for its auto warranties, Defendant conducted (and continues to conduct) a wide-scale telemarketing campaign that features the repeatedly making of unsolicited calls to consumers' telephones, including cellular telephones and telephone numbers that appear on the National Do Not Call Registry, without consent—all in violation of the Telephone Consumer Protection Act,

47 U.S.C. § 227 (the "TCPA").

3.      By making the telephone calls at issue in this Complaint, Defendant caused

Plaintiff and the members of the Classes actual harm and cognizable legal injury. This includes

the aggravation and nuisance and invasions of privacy that result from the placement and receipt

of such calls, a loss of value realized for the monies consumers paid to their wireless carriers for

the receipt of such calls, and a loss of the use and enjoyment of their cellphones, including the

related data, software, and hardware components (including wear and tear on the phone and

battery life and usefulness), among other harms.

4.      The TCPA was enacted to protect consumers from unsolicited telephone calls like

those alleged in this case. In response to Defendant's unlawful conduct, Plaintiff files the instant

lawsuit and seeks an injunction requiring Defendant to cease all unsolicited telephone calling

activities to consumers as complained of herein and an award of statutory damages to the

members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

**PARTIES**

5.      Plaintiff Susan Mouw is a natural person and citizen of the State of South

Carolina.

6.      Defendant National Auto Division is a limited liability company organized and

existing under the laws of the state of New Jersey, with its headquarters located at 2323 Highway

9 North, Howell, NJ  07731. Defendant conducts business throughout this District.

**JURISDICTION AND VENUE**

7.      This Court has federal question subject matter jurisdiction under 28 U.S.C. §

1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et

seq., which is a federal statute.

2

8.     The Court has personal jurisdiction over Defendant because it is located within this District, solicits significant consumer business in this District, has entered into business to business contracts in this District, and the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

9.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant solicits a significant amount of consumer business within this District and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Venue is additionally proper because Defendant resides in this District. On information and belief, the phone calls complained of in this Complaint (and the decision(s) to make such phone calls) were made in this District.

## COMMON FACTUAL ALLEGATIONS

10.     Defendant National Auto Division sells extended vehicle warranties for consumers whose factory warranties have or are about to expire. Unfortunately for consumers, National Auto promotes its business by contacting consumers without their express written consent—and oftentimes in violation of federal and state Do Not Call registries and with a blatant disregard for the consumer's attempts to opt out of any future telemarketing calls.

11.     Consumers have complained online about these tricky tactics. The following are but a few public complaints about Defendant's conduct that are readily available online:

- "I never would have bought a new car if I had known I would have started receiving monthly phone calls from these people for the past 2.5 years. I have asked them to put me on their do not call list but they just call from another number. The government needs to regulate these companies. The number of calls you get from people trying to sell you extended warranty service is aggravating. Starts even before the new car warranty expires."

- "[I] said than take me off the list than he continue to try to get my credit card number [I] hung up and he called back on a N J number [I] did not answer."

[Above taken from http://national-auto-division.pissedconsumer.com/]

- "I have been getting calls every day multiple times a day trying to sell me some type of warranty for my car. They also ask payment information. I have told them several times to stop calling and not interested and they keep calling non stop!"

- "Keep calling 5-7 times daily. When I answer it immediately disconnects."

- "Calls 3 times a day, says nothing and hangs up."

- "Calls constantly!  I can hear background talk but hangs up."

[Above taken from http://800notes.com/Phone.aspx/1-313-765-1134]

- "Keep calling 5-7 times daily. When I answer it immediately disconnects."
- "Calls 3 times a day, says nothing and hangs up."
- "Calls constantly!  I can hear background talk but hangs up."

[Above taken from http://800notes.com/Phone.aspx/1-313-765-1134]

12.     In making the calls to consumers' cell phones without their prior written express consent, Defendant used an autodialer in violation of the Telephone Consumer Protection Act.

13.     Furthermore, Defendant calls these consumers who have no "established business relationship" with Defendant and who are registered on the national Do Not Call Registry.

14.     Finally, even when consumers try to opt out of future calls by requesting to never be called again, Defendant continues to call them.

15.     In making the phone calls at issue in this Complaint, Defendant and/or its agent utilized an automatic telephone dialing system. Specifically, the hardware and software used by Defendant (or its agent) has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous calls simultaneously (all without human intervention).

16.     Defendant knowingly made (and continues to make) telemarketing calls without the prior express consent of the call recipients and knowingly continues to call them after requests to stop. As such, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class but also intentionally and repeatedly violated the TCPA.

**FACTS SPECIFIC TO PLAINTIFF SUSAN MOUW**

17.     On July 1, 2014, Plaintiff Mouw registered her cellular phone number on the National Do Not Call Registry to avoid receiving unsolicited telemarketing calls on her cellular phone.

18.     Beginning in March 2016, Plaintiff began receiving numerous calls on her cellular phone from someone trying to sell her an extended warranty on her car. The calls came from two telephone numbers: (313) 765-1134, and (419) 216-9670.

19.     During the very first call, Plaintiff told the caller she was not interested in purchasing a warranty.  She also stated that she was on the Do Not Call Registry, and she requested not to be called again.

20.     Because the caller did not identify the name of the company, Plaintiff did a reverse search for both numbers and was able to identify them as belonging to National Auto Division.

21.     Still, the calls continued. On each call, Plaintiff told the caller to stop calling and that she had registered her phone number on the national Do Not Call Registry.

22.     After the first several calls in which Plaintiff was able to speak with the caller and request that they stop calling, soon afterwards whenever she would answer one of their calls she would hear a slight pause and then the call would automatically hang up on her, indicative of the company using a predictive or automatic dialer, both of which are ATDSs under the TCPA.

23.     Plaintiff continues to receive calls from both numbers. When she answers, the caller immediately hangs up.

24.     Plaintiff estimates she has received at least 20 calls in the last several months, sometimes up to twice a day.

25.     Plaintiff does not have a relationship with Defendant, has never provided her consent to Defendant to call her or requested that Defendant place calls to her or offer her its services. Simply put, Plaintiff has never provided any form of prior express written consent to Defendant to place calls to her and has no business relationship with Defendant.

26.     The calls were a nuisance to Plaintiff and invaded her privacy.

27.     Defendant is and was aware that the above-described telephone calls were and are being made to Plaintiff and to consumers like Plaintiff who have never consented to receiving them and whose telephone numbers have been registered with the National Do Not Call Registry.

## CLASS ALLEGATIONS

28.     **Class Allegations**: Plaintiff Mouw brings this action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3) on behalf of herself and the three classes defined as follows:

> **Autodialed No Consent Class**: All persons in the United States who from May 23, 2012 to the present (1) National Auto (or a third person acting on behalf of National Auto) called, (2) on the person's cellular telephone number, (3) for the purpose of selling National Auto's products and services, and (4) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to call the Plaintiff.

> **Autodialed Do Not Call Class**: All persons in the United States who from May 23, 2012 to the present (1) National Auto (or a third person acting on behalf of National Auto) called, (2) on the person's cellular telephone, (3) for the purpose of selling National Auto's products and services, (4) after the person informed National Auto that s/he no longer wished to receive calls from National Auto.

**DNC Registry Class**: All persons in the United States who (1) National Auto (or a third person acting on behalf of National Auto) called more than one time on his/her cellphone, (2) within any 12-month period, (3) where the cellphone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for the purpose of selling National Auto's products and services, and (5) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it obtained prior express consent to call the Plaintiff.

**Stop Calling DNC Registry Class**: All individuals in the United States (1) who had his or her telephone number(s) registered with the National Do Not Call Registry for at least thirty days; (2) who received more than one telephone call made by or on behalf of Defendant National Auto within a 12-month period from May 11, 2012 to the present; and (3) who requested that Defendant not call them again (4) and who received at least one additional call from Defendant on at least one occasion no fewer than thirty (30) days after requesting for the calls to stop

The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons. Plaintiff anticipates the potential need to amend the class definitions following discovery regarding the scope of the classes and the identity of any third party marketers.

29.    **Numerosity**: The exact sizes of the Classes are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant made telephone calls to thousands of consumers who fall into the definition of the Classes. Members of the Classes can be objectively identified through reference to Defendant's records, consumer phone records, and other evidence to be gained in discovery.

30.    **Commonality and Predominance**: There are many questions of law and fact

common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a)    Whether Defendant's conduct violated the TCPA;

(b)    Whether Defendant systematically made telephone calls to individuals who did not previously provide Defendant and/or its agents with their prior express consent to receive such phone calls;

(c)    Whether Defendant made the calls with the use of an ATDS;

(d)    Whether Defendant systematically made multiple telephone calls within the same 12-month period to consumers whose telephone numbers were registered with the National Do Not Call Registry;

(e)    Whether Defendant systematically made autodialed telephone calls to consumers after they explicitly asked not to be called from Defendant;

(f)    Whether Defendant systematically made telephone calls to consumers whose telephone numbers were registered with the National Do Not Call Registry after they explicitly asked not to be called from Defendant at least 30 days after the consumer requested for the calls to stop; and

(g)    Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

31.    **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Classes. Plaintiff and the Classes sustained damages as a result of Defendant's uniform wrongful conduct during transactions with Plaintiff and the Classes. Plaintiff is a member of each of the Classes.

8

32.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff.

33.     **Policies Generally Applicable to the Classes**: This class action is appropriate for certification under Rule 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Classes as respective wholes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members, and making final injunctive relief appropriate with respect to the Classes as respective wholes. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as respective wholes, not on facts or law applicable only to Plaintiff. Indeed, it appears that the calls made to Plaintiff were a matter of a company policy that happened to violate the TCPA, not the result of any animus directed at Plaintiff specifically.

34.     **Superiority & Manageability**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal

and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court for each of the Classes. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.**
**(On behalf of Plaintiff and the Autodialed No Consent Class)**

35.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

36.     Defendant made unsolicited and unwanted telemarketing calls to telephone numbers belonging to Plaintiff and the other members of the Class—without their prior express written consent—in an effort to sell its products and services.

37.     Defendant failed to provide any of the language required to obtained prior express written consent under the TCPA, including a disclosure that the consumer was consenting to being called with an autodialer and/or that providing his or her cellphone number wasn't a requirement (direct or indirect) of any purchase. *See* 47 C.F.R. § 64.1200 *et seq*.

38.     Defendant made the telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*. Such equipment made the telephone calls to Plaintiff and other members of the Class simultaneously and without human intervention.

39.     By making unsolicited telephone calls to Plaintiff and members of the Class's cellular telephones without prior express consent, and by utilizing an ATDS, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

40.     As a result of Defendant's unlawful conduct, Plaintiff and the members of the Class suffered actual damages in the form of monies paid to receive the unsolicited telephone

calls on their cellular phones, monies to compensate them for the wear and tear on the

equipment, and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500

in damages for each such violation of the TCPA.

### SECOND CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.**
**(On behalf of Plaintiff and the Autodialed Do No Call Class)**

41.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

42.     Defendant made unsolicited and unwanted telemarketing calls to telephone

numbers belonging to Plaintiff and the other members of the Class on their cellular telephone in

an effort to sell its products and services *after* the person had informed Defendant s/he no longer

wished to receive such calls from National Auto.

43.     Defendant made the telephone calls using equipment that had the capacity to store

or produce telephone numbers to be called using a random or sequential number generator,

and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*.

44.     Defendant utilized equipment that made the telephone calls to Plaintiff and other

members of the Class simultaneously and without human intervention.

45.     By making unsolicited telephone calls to Plaintiff and members of the Class's

cellular telephones after they requested to no longer receive calls, Defendant violated 47 U.S.C.

§ 227(b)(1)(A)(iii) by continuing to call them without prior express consent.

46.     As a result of Defendant's unlawful conduct, Plaintiff and the members of the

Class suffered actual damages in the form of monies paid to receive the unsolicited telephone

calls on their cellular phones as well as the general wear and tear and the consumption of battery

life, and under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in

damages for each such violation of the TCPA.

**THIRD CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.**
**(On behalf of Plaintiff and DNC Registry Class)**

47.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

48.     The TCPA, specifically 47 U.S.C. § 227(c), provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

49.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

50.     47 C.F.R. § 64.1200(e), in turn, provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.'" (the "Report and Order").

51.     And the Report and Order thereafter states as follows:

The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

52.     47 C.F.R. § 64.1200(d) provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has

instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

53.      Defendant violated § 64.1200(c) by initiating, or causing to be initiated, multiple telephone solicitations within a 12-month period to wireless telephone subscribers such as

Plaintiff and the Do Not Call Registry class members, who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested to not receive calls from Defendant, as set forth in § 64.1200(d)(3).

54.     Defendant made more than one unsolicited telephone call to Plaintiff and members of the Do Not Call Registry class within a 12-month period without their prior express consent to receive such calls. Plaintiff and members of the Do Not Call Registry class never provided any form of consent to receive telephone calls from Defendant, and/or Defendant does not have a current record of consent to place telemarketing calls to them.

55.     Defendant also violated § 64.1200(d) by initiating calls for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiff and the Do Not Call Registry class, without instituting procedures that comply with the regulatory minimum standards for having a written policy, available on demand, for maintaining a list of persons who request not to receive telemarketing calls from them, without training its employees or personnel in the use of any such internal do not call list, and in not recording and honoring do not call requests made by consumers.

56.     Defendant further violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above.

57.     As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled, *inter alia*, to receive up to $500 in damages for such violations of § 64.1200.

## FOURTH CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.**

**(On behalf of Plaintiff and Stop Calling DNC Registry Class)**

58.     Defendant violated 47 C.F.R. §64.1200 by initiating calls for telemarketing purposes to residential telephone subscribers such as Plaintiff and the Stop Call Do Not Call Class who were registered on the National Do Not Call registry and who specifically told Defendant to stop calling them, and who received at least one additional call at least thirty (30) days after informing Defendants to stop calling them. Defendant made these calls without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them and by failing to adequate inform and train its personnel in the existence and use of the do not call list.

59.     As a result of Defendant's unlawful conduct, Plaintiff and the Stop Do Not Call Class suffered actual damages and, under section 47 U.S.C. § 227(c), Plaintiff and each member of the Class is each entitled to receive up to $500 in damages for each violation of 47 C.F.R. § 64.1200.

### FIFTH CAUSE OF ACTION
**Knowing and Willful Violation of the Telephone Consumer Protection Act**
**47 U.S.C. § 227 *et seq.***
**(On behalf of Plaintiff and the Autodialed No Consent Class)**

60.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

61.     Defendant knowingly and willfully made unsolicited and unwanted telemarketing calls to telephone numbers belonging to Plaintiff and the other members of the Class—without their prior express written consent—in an effort to sell its products and services.

62.     Defendant knowingly and willfully failed to provide any of the language required to obtained prior express written consent under the TCPA, including a disclosure that the consumer was consenting to being called with an autodialer and/or that providing his or her cellphone number wasn't a requirement (direct or indirect) of purchase. 47 C.F.R. § 64.1200.

15

63.     Defendant knowingly and willfully made the telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*.

64.     Defendant knowingly and willfully utilized equipment that made the telephone calls to Plaintiff and other members of the Class simultaneously and without human intervention.

65.     By making unsolicited telephone calls to Plaintiff and members of the Class's cellular telephones without prior express consent, and by utilizing an ATDS, Defendant knowingly and willfully violated 47 U.S.C. § 227(b)(1)(A)(iii).

66.     As a result of Defendant's unlawful conduct, Plaintiff and the members of the Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

67.     Because Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

## SIXTH CAUSE OF ACTION
### Knowing and Willful Violation of the Telephone Consumer Protection Act
### 47 U.S.C. § 227 *et seq*.
### (On behalf of Plaintiff and the Autodialed Do Not Call Class)

68.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

69.     Defendant knowingly and willfully made unsolicited and unwanted telemarketing calls to telephone numbers belonging to Plaintiff and the other members of the Class on their cellular telephone in an effort to sell its products and services *after* the person had informed NAD that s/he no longer wished to receive such calls from Defendant.

16

70.     Defendant knowingly and willfully made the telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*.

71.     Defendant knowingly and willfully utilized equipment that made the telephone calls to Plaintiff and other members of the Class simultaneously and without human intervention.

72.     By making unsolicited telephone calls to Plaintiff and members of the Class's cellular telephones after they requested to no longer receive calls, Defendant knowingly and willfully violated 47 U.S.C. § 227(b)(1)(A)(iii) by continuing to call them without prior express consent.

73.     As a result of Defendant's unlawful, knowing and willful conduct, Plaintiff and the members of the Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

74.     Because Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

### SEVENTH CAUSE OF ACTION
**Knowing and Willful Violation of the Telephone Consumer Protection Act**
**47 U.S.C. § 227 *et seq*.**
**(On behalf of Plaintiff and DNC Registry Class)**

75.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

76.     The TCPA, specifically 47 U.S.C. § 227(c), provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action

17

based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

77.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

78.     47 C.F.R. § 64.1200(e), in turn, provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.'" (The "Report and Order").

79.     The Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

80.     47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

> (2) Training of personnel engaged in telemarketing. Personnel engaged in any

aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

81.    Defendant knowingly and willfully violated § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to wireless telephone subscribers such as Plaintiff and the Do Not Call Registry class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested to not receive calls from Defendant, as set forth in § 64.1200(d)(3).

82.    Defendant knowingly and willfully made more than one unsolicited telephone call

to Plaintiff and members of the Do Not Call Registry class within a 12-month period without their prior express consent to receive such calls. Plaintiff and members of the Do Not Call Registry class never provided any form of consent to receive telephone calls from Defendant, and/or Defendant does not have a current record of consent to place telemarketing calls to them.

83.     Defendant also knowingly and willfully violated § 64.1200(d) by initiating calls for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiff and the Do Not Call Registry class without: (a) instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them, (b) training its employees or personnel in the use of any such do not call list, or (c) recording and honoring do not call requests.

84.     Defendant further knowingly and willfully violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above.

85.     As a result of Defendant's knowing and willful conduct as alleged herein, Plaintiff and the Do Not Call Registry class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled, *inter alia*, to receive up to $500 in damages for such violations of § 64.1200.

86.     Because Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry class.

**<u>EIGHTH CAUSE OF ACTION</u>**
**Knowing and Willful Violation of the Telephone Consumer Protection Act**
**47 U.S.C. § 227 *et seq*.**
**(On behalf of Plaintiff and Stop Call DNC Registry Class)**

87.     Defendant knowingly and willfully violated 47 C.F.R. §64.1200 by initiating calls for telemarketing purposes to residential telephone subscribers such as Plaintiff and the Stop Call Do Not Call Class who were registered on the National Do Not Call registry and who specifically told Defendant to stop calling them, and who received one or more calls at least thirty (30) days after informing Defendant to stop calling them. Defendant made these calls without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them and by failing to adequately inform and train its personnel engaged in telemarketing in the existence and use of any such internal do not call list.

88.     As a result of Defendant's knowing and willful unlawful conduct, Plaintiff and the Stop Do Not Call Class suffered actual damages and, under section 47 U.S.C. § 227(c), Plaintiff and each member of the Class is each entitled to receive up to $500 in damages for each violation of 47 C.F.R. § 64.1200.

89.     Because Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry class.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Susan Mouw, individually and on behalf of the Classes, prays for the following relief:

1.     An order certifying the Classes as defined above, appointing Plaintiff Susan Mouw as the representative of the Classes and appointing her counsel as Class Counsel;

2.     An award of actual and statutory damages;

3.     An injunction requiring Defendant and its agents to cease all unsolicited

telephone calling activities, and otherwise protecting the interests of the Classes;

4.    A declaration that Defendant's calling activities as described herein violate the

Telephone Consumer Protection Act and its implementing Regulations;

5.    Treble damages in the event willful and knowing violations are found;

6.    An award of reasonable attorneys' fees and costs; and

7.    Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,

**SUSAN MOUW**, individually and on behalf of all others similarly situated,

Dated: May 22, 2016            By: /s Stefan Coleman                
                               One of Plaintiff's Attorneys

Stefan Coleman
Law Offices of Stefan Coleman, P.A.
1072 Madison Ave, Suite 1
Lakewood, NJ 08701
law@stefancoleman.com
(877) 333-9427

Steven L. Woodrow*
Patrick H. Peluso*
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Tel:    (720) 213-0675
Fax:    (303) 927-0809
Email:  swoodrow@woodrowpeluso.com
        ppeluso@woodrowpeluso.com

*Pro Hac Vice application to be filed

Counsel for Plaintiff and the Class

22